UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **TERRY D. SPURLOCK** | **NO: 18-CR-00124-BAJ-RLB** |

## RULING AND ORDER

Before the Court is Terry D. Spurlock's ("Defendant") **Motion to Dismiss Counts 1, 2, and 3 of the Indictment (Doc. 22)** and **Motion in Limine to Exclude Evidence Regarding Prior Arrests and Opposition to United States Notice of Intent to Introduce Rule 404(b) Evidence Against Terry Spurlock (Doc. 20)**. The United States filed a reply to both of Defendant's motions on January 11, 2019. (Docs. 23, 24). The Court held an evidentiary hearing on this matter on January 16, 2019 and February 19, 2019. No further oral argument is required. For the reasons set forth below, Defendant's **Motion to Dismiss Counts 1, 2, and 3 of the Indictment (Doc. 22) is DENIED**. Defendant's **Motion in Limine to Exclude Evidence Regarding Prior Arrests and Opposition to United States Notice of Intent to Introduce Rule 404(b) Evidence Against Terry Spurlock (Doc. 20)** is **GRANTED IN PART AND DENIED IN PART**.

I. FACTUAL BACKGROUND

A. Motion to Dismiss

Defendant was arrested at an apartment located at 8521 Rush Avenue,

1

apartment C, Baton Rouge, Louisiana on June 7, 2018. (Doc. 22-1). The report provided by the Baton Rouge Police Department ("BRPD") sets forth that Detective Dennis Smith ("Smith") was working as an interdiction officer while stationed at a Federal Express ("FedEx") location on Coursey Boulevard where he observed a package that appeared to him to be "suspect." (Id. at p. 1). The report also indicates that the package appeared suspicious to him because it was a new box, it originated from California, and the shipment was paid for in cash. (Id.). Smith could not reach the sender by telephone and, after a brief examination, allowed the package to continue on its course. (Id.). Smith later notified a BRPD narcotics agent of the suspicious package and its expected time of delivery. (Id.).

BRPD Narcotics Division set up surveillance at the building to which the package was ultimately delivered. (Id. at p. 2). After the package was delivered, the officers knocked on the door to the apartment, and Defendant answered. (Id.). The officers identified themselves, and took Defendant into custody. (Id.). Defendant made statements concerning firearms and drugs on the premises and signed a consent form allowing the officers to search the property. (Id.). Police located the suspect package, but did not open it until obtaining a search warrant. (Id.). After receiving the warrant, the officers opened the package and found marijuana. (Id.).

**B. Motion in Limine**

The United States filed a Notice of Intent to Produce 404(b) Evidence ("NOI") on December 19, 2018. (Doc. 19). The United States intends to introduce evidence of three prior arrests, two of which resulted in guilty pleas: a June 10, 2015 arrest

2

resulting in a guilty plea for illegal carrying of a weapon, a February 17, 2015 incident report concerning an arrest for possession with intent to distribute 17.2 grams of marijuana, and a March 31, 2009 arrest that resulted in a guilty plea for attempted carrying of an illegal firearm. (Doc. 20-1 at p. 2).

## II. ARGUMENT AND ANALYSIS

### A. Claims 1, 2, and 3 of the Indictment will not be Dismissed nor Shall Evidence Gained from Examining the Package be Suppressed

As a threshold matter, at the evidentiary hearing on January 16, 2019, the Court questioned defense counsel concerning whether Defendant's motion to dismiss would be more appropriately styled as a motion to suppress evidence. Defense counsel conceded that as he was challenging the allegedly illegal "seizure" of the package by Smith on the FedEx conveyor belt when Smith stopped and photographed the package, that his claim would more appropriately be considered a motion to suppress evidence. However, defense counsel did not withdraw his motion to dismiss at that time. Therefore, the Court shall consider Defendant's motion as both a motion to suppress evidence seeking to strike the allegedly illegal seizure, and in the alternative, a motion to dismiss counts 1, 2, and 3 of the indictment for failure to establish probable cause for officers to arrest Defendant.

#### *1. Motion to Suppress Evidence*

At the evidentiary hearing Defendant argued that Smith unlawfully seized the package when he stopped it and took a photo of it for the purpose of conducting a further investigation. Defendant claims that such an act violated his right to privacy in his mail.

3

Law enforcement authorities must possess a reasonable suspicion based on articulable facts that a package contains contraband before they may detain the package for investigation. *United States v. Van Leeuwen*, 397 U.S. 249, 252-53. Reasonable suspicion exists when, based on the totality of the circumstances, an officer possesses a particularized and objective basis for suspecting that the package contains contraband, that is, more than an inchoate and unparticularized suspicion or hunch. *Id.*

The Court finds that Smith, in briefly stopping and photographing Defendant's package for further investigation, did not seize said package. This case is in many ways analogous to *United States v. Lovell* 849 F.2d 910 (5th Cir. 1988) wherein law enforcement agents removed the defendant's luggage from an airport conveyor belt after smelling marijuana, compressed the bag to force air out it to check again for the scent of marijuana, and allowed the luggage to continue on to its destination, whereupon the recipient was arrested. The United States Court of Appeals for the Fifth Circuit found that the defendant, having released his luggage to a third party carrier, did not have the luggage taken *from his custody*, and no seizure occurred. *Id.* at p. 916. As the defendant's luggage was not delayed by any amount of time before being allowed to travel to the defendant's destination, the Fifth Circuit found that there was no meaningful interference with the defendant's possessory interest in the luggage, and no seizure had taken place when the officers conducted the search. *Id.*

In the instant matter, it is not even clear that the package was physically manipulated at all. However, assuming it was, this case still falls clearly into the

4

framework set forth in *Lovell*. In the instant case as well as in *Lovell*, the packages were both surrendered to third party carriers. The officers in *Lovell* smelled the scent of marijuana emanating from the bag, whereas in this matter, Smith used his 15 years of interdiction experience to determine that the package in question was suspicious enough to warrant further investigation. Again, in *Lovell*, the officers removed the bag from the conveyor belt, manipulated it to force air out of it, and returned it to the conveyor belt. In this matter, Smith testified that he did not remove the box from the FedEx conveyor belt, and merely stopped it for long enough to photograph it.

In *Lovell*, the Fifth Circuit found that law enforcement officers established reasonable suspicion to seize the bag because they smelled marijuana. Therefore, the crucial question in this matter is whether Smith had reasonable suspicion to stop and examine the package, however briefly. In analyzing the totality of the circumstances in this matter, in conjunction with Smith's wealth of experience as an interdiction officer and sworn testimony, the Court finds that Smith was justified in briefly stopping the package to conduct minor investigatory actions upon it, before allowing it to continue down the conveyor belt, and eventually to its intended destination.

Smith testified that he worked in interdiction at FedEx for 15 years. Smith also testified that based on his experience as an interdiction officer, items shipped in new boxes from Los Angeles and paid for in cash may contain contraband. Furthermore, officer James Green ("Green") testified that he cannot recall a single instance where a suspicious package report from Smith did not result in the finding

5

of some sort of contraband contained therein. After having heard testimony of Smith and Green, and having reviewed the evidence on the record, the Court finds that Smith has established a reasonable articulatable suspicion that the package contained contraband based on his years of interdiction experience such that a brief examination of the package was both justified and appropriate. As Smith's examination of the package did not deprive Defendant of any possessory right in the package, nor did it unduly delay delivery of the package, Defendant's request that the evidence obtained from Smith's "seizure" of the package be suppressed is DENIED.

### *2. Motion to Dismiss*

Defendant argues that the warrant issued to search the package did not have a proper factual foundation. Specifically, Defendant alleges that a warrant should not have been issued to search the contents of the package received at Defendant's house based only on the facts that the box was new, it originated from California, and that it was paid for in cash.

Concerning the foundation that must be established for the issuance of a warrant "no warrants shall issue, but upon probable cause." Probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Grubbs*, 547 U.S. 90, 90 (2006) *quoting Illinois v. Gates,* 462 U.S. 213, 238 (1983).

As stated above, Smith testified at the evidentiary hearing that he found the box itself to be suspicious, the phone number listed for the sender seemed to be out of

service, and he was unable to verify portions of the shipper's information. Through testimony, it was further established that Smith had 15 years of interdiction experience at FedEx, and was seldom incorrect when picking out packages for further investigation. The Court finds that Smith and Green offered credible testimony and that they were honest in presenting their testimony. The Court further finds that the Government has successfully established, based on Smith's experience, that there was a fair probability that contraband would be found inside of the package, and that based on the address on the label, that the package was to be delivered to Defendant's house. Defendant's motion to dismiss counts 1, 2, and 3 of the indictment is DENIED.

**B. Defendant's Motion in Limine**

At the June 16, 2019 evidentiary hearing, the United States agreed to withdraw the March 31, 2009 records of an arrest and guilty plea for attempted carrying of an illegal firearm from its NOI, leaving only the two incidents that occurred in 2015. Defendant argued at oral argument that the facts and circumstances surrounding the 2015 arrest and guilty plea were too far removed, both factually and temporally, from the instant motion to be considered in this matter. Plaintiff argues that it would be unduly prejudicial to Defendant for the jury to hear the facts surrounding the previous arrests.

On June 10, 2015, Defendant was arrested and pleaded guilty to illegal carrying of a weapon. On February 17, 2015 there was an incident report concerning an arrest for possession with intent to distribute 17.2 grams of marijuana. The court ruled at the evidentiary hearing that Defendant's motion in limine was denied as to

the June 10, 2015 incident, as the crime for which Defendant pleaded guilty is sufficiently similar to the crime for which he is now being charged to justify the jury hearing and considering the facts behind the prior guilty plea under Federal Rule of Evidence 404(b).

The Court finds, however that any evidence of underlying facts relating to the February 16, 2015 arrest cannot be presented to the jury at trial. Rule 404(b) sets forth the rules for the admissibility of a defendant's prior bad acts:

> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1),(2). Two criteria must be met to determine if a defendant's prior act should be deemed admissible: 1) it must be relevant to some issue other than defendant's character, and 2) its probative value must be greater than its potential to unfairly prejudice the jury. *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1978). Furthermore, a defendant need not have been convicted for evidence of prior bad acts to be admissible. *United States v. Gonzalez-Lira*, 936 F.2d 184, 189 (5th Cir. 1991). In fact, there is no requirement that the prior conduct even have resulted in an indictment or a formal charge. *Id.*

In this matter, the Grand Jury found that law enforcement officers had not presented enough evidence to support an indictment. The Court does not see the relevance of a prior arrest for intent to distribute 17.2 grams of marijuana, for which

no indictment was secured, to the facts of the instant case. Furthermore, the Court finds that admission of this prior arrest would unduly prejudice the jury against Defendant, especially considering there has been no judicial finding of any "crimes, wrongs, or acts" that Rule 404(b) is meant to address.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss Counts 1, 2, and 3 of the Indictment (Doc. 22) is DENIED.**

**IT IS FURTHER ORDERED** that insofar as Defendant requests the Court to suppress evidence gained from the package in question due to the allegedly improper seizure of the package at the FedEx facility, such request is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion in Limine to Exclude Evidence Regarding Prior Arrests and Opposition to United States Notice of Intent to Introduce Rule 404(b) Evidence Against Terry Spurlock (Doc. 20) is GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that evidence concerning Plaintiff's June 10, 2015 arrest and guilty plea are deemed **ADMISSIBLE**. Evidence concerning Plaintiff's February 15, 2015 arrest is deemed **INADMISSIBLE**.

Baton Rouge, Louisiana, this 27th day of February, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**